UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1769 CAS (CWx) | Date | March 9, 2012 |
|---|---|---|---|
| Title | LINDA GREENBERG LOPER v. MASSACHUSETTS MUTUAL LIFE INSURANCE CO. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers:) ORDER TO SHOW CAUSE REGARDING WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION

## I. INTRODUCTION & BACKGROUND

Plaintiff Linda Greenberg Loper filed this instant action in Los Angeles County Superior Court against Massachusetts Mutual Life Insurance Company and Does 1–50, alleging: (1) breach of contract; (2) breach of duty of good faith and fair dealing; and (3) unfair or deceptive practices against disabled persons under Cal. Civ. Code § 3345. The gravamen of plaintiff's complaint is that defendants illegally reduced plaintiff's disability benefits once she turned 65 years old. See generally Compl. The complaint is silent as to the amount in controversy.

Defendant filed a notice of removal on February 2, 2012, on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Defendants argue that jurisdiction is proper because the reduction amount multiplied out by her lifetime expectancy exceeds the amount in controversy requirement. Removal ¶ 5.

## II. LEGAL STANDARD

Courts in the Ninth Circuit strictly construe the removal statute against removal jurisdiction. Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). Removal founded on diversity requires that parties be in complete diversity and the amount in controversy exceed $75,000. See Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); 28 U.S.C. § 1332(a)(1). "Where it is not facially evident from the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1769 CAS (CWx) | Date | March 9, 2012 |
|---|---|---|---|
| Title | LINDA GREENBERG LOPER v. MASSACHUSETTS MUTUAL LIFE INSURANCE CO. | | |

complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold" required for subject matter jurisdiction.[1]  Id.  Conclusory allegations are insufficient.  Id. at 1091.

### III. DISCUSSION

Plaintiff does not specify the amount of damages she seeks to recover; instead, the complaint requests general, consequential, emotional distress, and punitive damages and attorneys fees.  Compl. at 12.

---

[1] The 9th Circuit's requirement—that a removing party prove the amount in controversy by a preponderance of the evidence when the complaint is silent as to the amount sought—appears to have been recently reaffirmed by Congress.  Revised 28 U.S.C. § 1446(c), which came into effect January 6, 2012, now provides:

> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that–
>
> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks–
> (i) nonmonetary relief; or
> (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

The revised law thus requires defendants to prove the amount in controversy by a preponderance of the evidence in situations where a plaintiff's demanded amount is uncertain and is in accordance with Ninth Circuit law.  See Matheson, 319 F.3d at 1090.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1769 CAS (CWx) | Date | March 9, 2012 |
|---|---|---|---|
| Title | LINDA GREENBERG LOPER v. MASSACHUSETTS MUTUAL LIFE INSURANCE CO. | | |

Defendant argues that plaintiff's alleged $6,858 monthly benefit reduction will exceed the $75,000 minimum after only one year. Removal ¶ 5.

The Court is unpersuaded that defendant has carried its burden of proving by a preponderance of the evidence that the amount-in-controversy exceeds $75,000. See Matheson, 319 F.3d at 1090. Although defendant provides evidence that it is possible that plaintiff's claims could exceed $75,000, defendant fails to demonstrate, using non-speculative evidence, that it is more likely than not that damages will exceed $75,000 if it is found liable for the asserted claims. Gaus, 980 F.2d at 567. Accordingly, on the present record, the Court cannot conclude by a preponderance of the evidence that the amount-in-controversy exceeds $75,000. See id.; Matheson, 319 F.3d at 1090.

## IV. CONCLUSION

Based on the foregoing, defendant is hereby ORDERED to SHOW CAUSE on or before March 28, 2012, why the instant action should not be remanded for lack of subject matter jurisdiction.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |